# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AUREEN BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 09-cv-8076 |
| | ) | |
| FORD MODELING AGENCY, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion to dismiss [7], which Defendant brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's motion is denied.

## I.  Background

Plaintiff's complaint alleges that a company that Defendant acquired (Compl. ¶ 2) entered into a contract to take photographs of Plaintiff (Compl. ¶¶ 16, 31). According to Plaintiff, Defendant did not obtain consent to use Plaintiff's photographs (Compl. ¶¶ 8, 22), but nonetheless did use the photographs commercially (Compl. ¶¶ 9-10). By doing so, Plaintiff contends that Defendant violated the former's right of publicity under the Illinois Right of Publicity Act. Compl. ¶¶ 22-23; 765 ILCS 1075/1 *et seq*.

It is true that Plaintiff's allegations appear among numerous citations to Illinois Code provisions and duplicative, hard-to-follow paragraphs. However, rather than filing a motion for a more definite statement, which may have been the better course in this case, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard for Rule 12(b)(6) Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

Defendant advances two principal arguments in support of its motion to dismiss. Neither one is well taken at this time. Defendant's first principal argument is that Plaintiff's "vague" pleading failed to state a claim upon which relief can be granted. However, the Court concludes that Plaintiff's allegations are hardly a mystery and indeed require no "hypothecat[ing]" (Def. Mot. at 2) by the Court. Defendant's second principal argument is that several affirmative defenses sink Plaintiff's case. Specifically, the affirmative defenses are that the doctrine of

collateral estoppel applies to the action and bars Plaintiff's claims, Defendant is not a "proper party" to the action, and Plaintiff's action is time-barred. Defendant's arguments on this score are premature, however, because Plaintiff has not established the affirmative defenses in her complaint and thereby pled herself out of court.

### A. Plaintiff States a Plausible Claim for Relief

Defendant's first argument is that "even with a *pro se* plaintiff, the situation is clear-cut: Plaintiff alleges *no* facts that support any cause of action against Ford * * * The Complaint contains *only* the following information: (1) numerous citations to the Illinois Right of Publicity Act, (2) the address of Ford Model's Chicago office, (3) the former addresses of [companies that Defendant acquired], and (4) vague, and in most cases indecipherable, statements about written contracts." The Court respectfully disagrees. Plaintiff's complaint at once defies and belies Defendant's taxonomy: the complaint alleges that a company that Defendant acquired entered into a contract to take photographs of Plaintiff (Compl. ¶¶ 2, 16, 31), that Defendant did not obtain consent to use Plaintiff's photographs (Compl. ¶¶ 8, 22), and that Defendant nonetheless used the photographs commercially (Compl. ¶¶ 9-10). To the extent Defendant could make neither heads nor tails of these allegations, it would have been the better course to move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). District judges do not, and cannot, ordinarily dismiss a complaint with prejudice merely because the complaint is confusing. *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Co.*, 412 F.3d 745, 749 (7th Cir. 2005). "The fact that Rule 12(e) of the civil rules authorizes the granting of a defendant's motion for a more definite statement indicates that a confusing pleading is not ordinarily a fatal defect. But it can become one if despite *repeated* attempts the plaintiff is unable to draft an intelligible complaint." *Id.* (emphasis added).

3

Moreover, as the Supreme Court made clear in *Erickson v. Pardus*, 551 U.S. 89 (2007), the liberal pleading standards that apply to *pro se* litigants have survived the Supreme Court's recent "plausibility" cases that interpret Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 94-95; see also *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) ("[W]e construe *pro se* complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers."). And in general, the Seventh Circuit's case law reveals that the Supreme Court's recent decisions in this realm represent a refinement rather than a revolution. See, *e.g.*, *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable * * * [And the 'plausibility' requirement] simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations") (quotation marks omitted). Thus, the citation in Defendant's brief to *Small v. Chao*, 389 F.3d 894, 898 (7th Cir. 2005), is inapposite. In *Small*, the Seventh Circuit upheld the trial Court's dismissal of an action after the court of appeals considered (exhaustively) whether the facts alleged in his complaint stated a cause of action under myriad legal theories. Before affirming the trial court's decision, the court cast a wide net and only then concluded that each of several possible theories was "doomed." *Id.* In contrast, although the pertinent facts in Plaintiff's complaint are interspersed with inapt legal jargon and citations, distinguishing the wheat from the chaff in Plaintiff's complaint is not an impossible task.

And despite Defendant's stick-to-itiveness in its reply brief, any doubt about the matter should have been put to rest by Plaintiff's response brief (and exhibits thereto), which removes any ambiguity about Plaintiff's theory of her case and set out additional matter adequately to put Defendant on notice of the claims against Plaintiff and to raise the possibility of relief above the

speculative level. See also *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997) ("As our decisions make clear, facts alleged in a brief in opposition to a motion to dismiss * * * as well as factual allegations contained in other court filings of a *pro se* plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint."). In sum, the complaint satisfies the liberal notice-pleading standards of the Federal Rules of Civil Procedure, particularly as those rules are applied to *pro se* litigants.

### B. Defendant's Affirmative Defenses are Premature

Defendant's second principal argument is that the case should be dismissed based on multiple affirmative defenses. As a general matter, affirmative defenses should not be addressed at the motion to dismiss phase. Rather, they are appropriately brought no earlier than a Rule 12(c) motion for judgment on the pleadings. See, *e.g.*, *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007); Fed. R. Civ. P. 12(b) (listing seven defenses that may and must be brought before a responsive pleading is filed, which list does not include the defenses advanced by Defendant). That is well established law and the well established exception applies only where a Plaintiff has pled herself out of court. See, *e.g.*, *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). The state of the record, and the arguments advanced by Defendant, reveal that this case does not present the rule's exception.

The first affirmative defense advanced by Defendant is that Plaintiff's lawsuit against another entity—not one of the companies that Defendant acquired—bars Plaintiff from pursuing her case against Defendant. The argument is based on the doctrine of collateral estoppel, sometimes referred to as issue preclusion. Under Illinois law, a party invoking collateral estoppel must establish (1) that the issue decided in the prior litigation is identical with the issue in the instant suit, (2) that there was a final judgment on the merits in the prior litigation, and (3)

5

that the party against whom estoppel is asserted is the party (or in privity with the party) in the earlier litigation. *Herzog v. Lexington Twp.*, 657 N.E.2d 926, 930 (Ill. 1995).

Defendant has not established that these elements are satisfied. Although the Court takes judicial notice (see, *e.g.*, *Oliver*, 547 F.3d at 878 (citing *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12 (1st Cir. 2003))) of the earlier litigation involving Plaintiff and a non-party to this case (see *Berry v. Chade Fashions, Inc.*, 890 N.E.2d 1239 (Ill. App. Ct. 2008)), it is not clear to the Court that the issues in the prior litigation are identical to the issues in this case. Further, it is Defendant's burden to show that the issues in the current case were "necessarily decided" in the prior case. *Hexacomb Corp. v. Corrugated Sys., Inc.*, 678 N.E.2d 765, 771 (Ill. App. Ct. 1997). Defendant does not offer meaningful analysis on that score, although the Court notes that the generalities in the state court's opinion may leave Defendant with a tough collateral-estoppel row to hoe:

> For collateral estoppel to apply, it must conclusively appear that the fact must have been so in issue that it was necessarily decided by the court rendering the prior judgment. If there is any uncertainty because more than one distinct issue of fact is presented to the court, the estoppel will not be applied.

*Peregrine Fin. Group, Inc. v. Martinez*, 712 N.E.2d 861, 869 (Ill. App. Ct. 1999) (alteration omitted). However, the Court must leave that issue for another day, after an opportunity for more fulsome briefing by the parties. *People v. Zegiel*, 534 N.E.2d 664, 665 (Ill. App. Ct. 1989) (a defendant must meet its collateral estoppel burden "clearly and certainly").

Defendant's next argument is that it is not a proper party to this action. Although Defendant states that "the actual circumstances" of its acquisition of potentially liable companies "are not immediately relevant" to this action, Defendant cites no case law, and its contention fails to pass muster at this stage of the litigation. For instance, under Illinois law, liabilities often do travel when one company merges with another. And under the *de facto* merger doctrine,

6

liabilities may travel even when an acquirer tries to leave them behind by structuring the deal as an asset sale. See, *e.g.*, *Myers v. Putzmeister, Inc.*, 596 N.E.2d 754, 755 (Ill. App. Ct. 1992) (noting that liabilities follow mergers and discussing "several exceptions to the general rule" that an asset sale extinguishes liabilities). Defendant's argument in its reply brief that a *de facto* merger theory is not viable here is based on its representations about the form of the acquisition of the company with whom Plaintiff initially contracted—but that representation necessarily involves a fact issue that is not amenable to resolution at the motion to dismiss phase. See *Gibson*, 910 F.2d at 1520. (As does the implicit corollary that other exceptions besides a *de facto* merger theory do not apply.) Likewise, Defendant demands far more of Plaintiff than do the Federal Rules of Civil Procedure with the argument that Plaintiff bore the responsibility, in her *pro se* complaint, of pleading a *de facto* merger theory. "[A]ny defendant[] tempted to write 'this complaint is deficient because it does not contain …' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007) (noting the court of appeals' "disappointment" that cases sometimes are dismissed under Rule 12(b)(6) for failure to allege sufficient factual matter and remarking on the "short half-life" of orders that dismiss cases on that basis).

Finally, Defendant argues that Plaintiff's action is time barred. The Seventh Circuit has held that a motion to dismiss is properly granted when a Plaintiff's complaint shows that her action is "hopelessly time-barred." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009). However, Illinois case law teaches that Plaintiff's case, while perhaps a bit bleak, is not hopeless enough to dismiss the action at this time. Although the general rule is that the first publication of an image starts the one-year limitations clock in a right of publicity action, republication may restart the clock "if the publication is altered so as to reach

a new audience or promote a different product." *Blair v. Nevada Landing Partnership*, 859 N.E.2d 1188, 1194 (Ill. App. Ct. 2006). Plaintiff's complaint alleges numerous republications of her image, and because she gets the benefit of reasonable hypotheticals at the motion to dismiss phase (*Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27 (7th Cir. 2000)), she has not pled herself out of court. See also *Berry*, 890 N.E.2d at 1240 (recounting Plaintiff's allegation that her images were used in various products).

**IV.     Conclusion**

For the reasons set forth above, Defendant's motion to dismiss [7] is denied.

Dated: May 13, 2010

_____
Robert M. Dow, Jr.
United States District Judge