# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AUREEN BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 09-cv-8076 |
| | ) | |
| FORD MODELING AGENCY, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Aureen Berry believes that Defendant Ford Models, Inc. (incorrectly named in the complaint as "Ford Modeling Agency") used her image on packages of "fake" hair without her consent. She seeks damages under the Illinois Right of Publicity Act, 765 ILCS 1075/1-60. Defendant has moved for summary judgment. For the reasons stated below, Defendant's motion [122] is granted.

## I. Background

On July 7 of some year before 2005 — exactly what year, Plaintiff does not say — Plaintiff sat for a photo session commissioned by Chade Fashions, Inc. ("Chade"). Plaintiff was represented by Suzanne's A-Plus Talent Agency ("A-Plus"), which charged Chade $1,140 for the session. Plaintiff was paid by her agency. A-Plus's invoice for Plaintiff's services contains a "Model's Release," which states:

> In consideration of the sum stated hereon, I hereby sell, assign and grant to above or those for whom they are acting as indicated above, the right and permission to

> copyright and/or use and/or publish photographic portraits of me in which I may be included in whole or in part or composite or reproductions thereof in color or otherwise made through print media at their studios or elsewhere for art advertising, trade or any other similar lawful purpose whatsoever, excluding television use.
>
> I hereby waive my right to inspect and/or approve the finished product or the advertising copy that may be used in connection therewith.
>
> I hereby release and discharge the above, its successors and all persons acting under its permission or authority or those for whom it is acting from any liability by virtue of any blurring, distortion, optical illusion or use in composite form that may occur or be produced in the taking of said picture or in any processing tending toward completion of the finished product.

On October 1, 2006, Plaintiff purchased a package of fake hair manufactured by Chade with her image on it. Plaintiff claims she never consented to that use of her image.

Before this lawsuit, but based on similar facts, Plaintiff sued Chade for breach of contract and for violations of the Illinois Right of Publicity Act. The Cook County Circuit Court granted summary judgment for Plaintiff on her Publicity Act claim and held a trial to resolve the contract dispute. After trial, the court directed a verdict for Chade on both claims, vacating its partial grant of summary judgment for Plaintiff. The court found that Chade did not breach the contract between the parties and that Plaintiff failed to show how Chade's profits were derived from the use of her image. The Illinois Appellate Court affirmed the directed verdicts on appeal. *Berry v. Chade Fashions*, 890 N.E. 2d 1239 (Ill. App. Ct. 2008).

On April 20, 2009, Plaintiff sent an e-mail to Defendant stating that "Chade Fashions, Inc., an Illinois based company, used my photo in the years 2005 and 2006 without my written consent. I want to pursue this, under the Illinois Right of Publicity Act (765 ILCS 1075/1 *et seq*), right away." This was the first time that Defendant had heard from or about Plaintiff. On November 30, 2009, Plaintiff filed this suit, alleging that Defendant violated the Illinois Right of Publicity Act. Plaintiff did so even though she acknowledges that Defendant has no connection

to Chade, the fake hair product, or the photo shoot, and that Defendant "received no commercial benefit from the product that allegedly bears [her] image."

Why then did Plaintiff sue this Defendant? Sometime before 2003, it is unclear exactly when, A-Plus (Plaintiff's agency) was allegedly acquired by Aria Model and Talent Management, LLC ("Aria"). In 2003, Defendant purchased Aria's assets. So, according to Plaintiff, Defendant is a corporate parent or grandparent of A-Plus. And that might matter if the wrongs that Plaintiff alleges had to do with A-Plus's actions. But Plaintiff's lawsuit is not about what A-Plus did. She has sued Defendant over wrongs committed by Chade (despite having already lost a similar suit against Chade) and believes that Defendant has successor liability for Chade's actions. Defendant has moved for summary judgment.

## II. Analysis

### 1. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party

3

seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### 2. Illinois Right of Publicity Act

The Illinois Right of Publicity Act prohibits the "use of an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent." 765 ILCS 1075/30. The elements for an Illinois Right to Publicity Act claim are: (1) appropriation of a person's name or likeness, (2) without written consent, and (3) for another's commercial benefit. *Maremont v. Susan Fredman Design Group, Ltd.*, 2011 WL 6101949, *6 (N.D. Ill. Dec. 7, 2011); *Blair v. Nevada Landing P'ship*, 859 N.E.2d 1188, 1191-92 (Ill. App. Ct. 2006). The statute of limitations is one year. *Blair*, 859 N.E.2d at 1192 ("The Right of Publicity Act does not identify a specific statute of limitations. However, since the Right of Publicity Act completely supplanted the common-law tort of appropriation of likeness * * * we find applicable the one year statute of limitations that pertained to the common-law tort.").

3.  **Discussion**

The parties agree that "[t]here is no evidence of any subsequent sales or uses of what Plaintiff claims is her image after October 1, 2006." Plaintiff has not offered any reason to conclude that her cause of action under the Right of Publicity Act accrued any later than October 1, 2006 — not in her complaint, not in her response brief, and not in her response to Defendant's 56.1 statement. In fact, Plaintiff's response brief does not dispute that her claim accrued in 2006. Instead, Plaintiff insists that the statute of limitations for the Right of Publicity Act is five years, relying on *Toney v. L'Oreal USA, Inc.*, 2002 WL 31455975 (N.D. Ill. Nov. 1 2002). *Toney* did reach that conclusion, but *Toney* is an outlier, never cited for that proposition, and was vacated on appeal. See *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905 (7th Cir. 2005). More recent cases, especially *Blair*, make it absolutely clear that the Right of Publicity Act has a one-year statute of limitations. See, *e.g.*, *Maremont v. Susan Fredman Design Group*, 772 F. Supp. 2d 967, 971 (N.D. Ill. 2011); *Wells v. Talk Radio Network-FM, Inc.*, 2008 WL 4888992, at *2 (N.D. Ill. Aug. 7, 2008); *Blair*, 859 N.E.2d 1188, 1191-92 (Ill. App. Ct. 2006).

This conclusion should not surprise Plaintiff. In denying Defendant's motion to dismiss, the Court already concluded that the limitations period for her claim is one year. See [14]. The Court did not dismiss Plaintiff's case then because of the possibility that she would come forward with evidence of improper uses of her image by Defendant after 2006. That did not happen. On summary judgment, Plaintiff alleges many unauthorized uses of her image — more than 15 million — but she does not allege nonconsensual uses after 2006. What matters for the limitations-period analysis is *when* her cause of action accrued, not how bad the violation was when (if) it happened. Because the last allegedly improper use of Plaintiff's image was in 2006, that is when her cause of action accrued.

Plaintiff argues in the alternative that the limitations period should not apply because Defendant has not been prejudiced by her delay. She says that no evidence has been "lost, stolen or destroyed in the instant suit, as such, no prejudice comes to Ford Modeling Agency, accordingly, Plaintiff's claim(s) is not time barred." That, however, is not the law. The Court cannot disregard a limitations period just because Plaintiff assures the Court that the relevant documents are still available. Moreover, it is worth noting that Plaintiff has been so resistant to requests for basic documents and information that it is not clear what is or is not missing. See [84].

Plaintiff's complaint states that she first discovered "Ford's misappropriation of [her] 'Identity'" on November 2, 2009. On summary judgment, Plaintiff has not developed this assertion into an argument that the discovery rule should delay her claim's accrual date. For completeness, and because Plaintiff is pro se, the Court will consider this possibility anyway. In Illinois, "commencement of the pertinent limitations period may be delayed until the plaintiff knew or should have known that he was wrongfully injured." *Hornback v. Kaczmarek*, 288 F.3d 969 (7th Cir. 2002); *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1134-36 (Ill. 1995). In this case, the Court assumes (for the sake argument, at least) that Plaintiff's statement about her 2009 "discovery" of Defendant's liability is true. But the Court must also consider if Plaintiff *should* have known earlier. The answer is obviously yes. Plaintiff acknowledges that Defendant acquired Aria in 2003, and Aria had allegedly bought A-Plus sometime before that. Plaintiff therefore had years to find the parent or successor companies that could potentially be liable for the alleged misappropriation of her image. Plaintiff has not argued that Defendant's purchase of Aria was somehow secret or that something prevented her from

learning about Defendant's alleged responsibility for her injury sooner. The discovery rule cannot help her.

In short: Plaintiff's cause of action accrued in 2006. Plaintiff sued in 2009. That is more than one year after her cause of action accrued. There is no reason to toll or set aside the limitations period. Plaintiff's claim is therefore barred by Right of Publicity Act's one-year statute of limitations. *Blair*, 859 N.E.2d at 1191-92.

It is worth noting that the statute of limitations is far from the only problem with Plaintiff's case. In her response to Defendant's Rule 56.1 statement of material facts [124][130], Plaintiff admits that Defendant did not benefit from sales of the fake hair product that allegedly bears her image. In her response to Defendant's motion for summary judgment, Plaintiff flatly denies that commercial benefit is an element of the tort. As the Court has explained, that is wrong. *Blair*, 859 N.E.2d at 1191. Plaintiff fares no better on the first and second elements — misappropriation and consent. *Blair*, 859 N.E.2d at 1191-92. Plaintiff has presented no evidence that Defendant (as opposed to Chade) used her image, and the invoice for the photo shoot appears to show that Plaintiff provided Chade with written consent to use her image. But there is no reason to discuss these points further.

### III. Conclusion

Defendant's motion for summary judgment [122] is granted. Judgment will be entered for Defendant and against Plaintiff.

Dated: November 9, 2012

_____
Robert M. Dow, Jr.
United States District Judge