# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 8076 | **DATE** | 12/13/2012 |
| **CASE TITLE** | Berry vs. Ford Modeling Agency, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to proceed on appeal *in forma pauperis* is granted [see 136]. Concerning Plaintiff's motion to "appeal *in forma pauperis* under seal" [see 136], Plaintiff is given until 12/21/2012 to file a motion seeking leave to maintain the seal on the documents that she filed on 12/7/2012. Unless Plaintiff is given leave to maintain her notice of appeal and accompanying documents under seal on or before 1/4/2013, the Clerk of the District Court is directed to unseal those documents and place them on the public docket on the following business day.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In regard to the request by Plaintiff to proceed on appeal *in forma pauperis* [136], Federal Rule of Appellate Procedure 24(a)(1) directs parties who wish to appeal *in forma pauperis* to file their motion in the district court in the first instance. Although Plaintiff has not filed a financial affidavit, she does attach to the motion a file-stamped copy of an order signed by Cook County Circuit Judge William Maddux allowing her to proceed with her lawsuit without pre-payment of the filing fees. Although Defendant later removed the case to this Court, Judge Maddux's order stands and satisfies Plaintiff's obligation of showing "prior approval" to proceed *in forma pauperis* in this action as required under FRAP 24(a)(3). *Cf. LaPlant v. Northwestern Mutual Ins. Co.*, No. 12-3264, slip op. at 10 (7th Cir. Nov. 28, 2012) ("A federal court inherits a removed case in its procedural posture on the date of removal"). When such prior approval has been obtained, Rule 24 permits a party to proceed *in forma pauperis* on appeal without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding" or "a statute provides otherwise." There is no statute preventing Plaintiff from appealing *in forma pauperis*, so the remaining question is whether her appeal is in good faith. The Seventh Circuit in *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000), explained that an appeal is not in good faith if it is based on an objectively frivolous claim, "which is to say a claim that no reasonable person could suppose to have any merit." As the Court's summary judgment opinion makes clear, the Court believes that Plaintiff's claim is weak. Indeed, the Court ruled that Plaintiff's claim is time-barred and otherwise unlikely to succeed. "But a weak case does not a frivolous case make," *Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 676 (7th Cir. 2005), and the Court does not believe that Plaintiff's claim is so without merit that it should be deemed frivolous. Plaintiff's motion to proceed on appeal *in forma pauperis* is therefore granted.

Plaintiff also has requested "permission to appeal *in forma pauperis* under seal" [136]. The Clerk's Office permitted Plaintiff to file these documents under seal, but Plaintiff must promptly file a motion for leave to

## STATEMENT

maintain those documents under seal and provide a compelling reason for doing so. The Seventh Circuit consistently has taken a narrow view of the proper grounds for shielding matters in litigation from the public eye. See, *e.g.*, *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000) (explaining that when litigants "call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials" and that "[j]udicial proceedings are public rather than private property"). Plaintiff has not explained precisely what she would like placed under seal, but the Court surmises that Plaintiff is focused on the state court order allowing her to proceed *in forma pauperis* in the first instance. Under the standard in *Union Oil,* it seems highly unlikely that a request to seal that document could succeed, for that document justifies the Court's ruling that Plaintiff may appeal without paying a filing fee that most litigants are required to pay. However, to give Plaintiff an opportunity to state any case that she may have for sealing her documents, Plaintiff is given until 12/21/2012 to file a motion seeking leave to maintain the seal on the documents that she filed on 12/7/2012. Unless Plaintiff is given leave to maintain her notice of appeal and accompanying documents under seal on or before 1/4/2013, the Clerk of the District Court is directed to unseal those documents and place them on the public docket on the following business day. Finally, given Plaintiff's *pro se* status, the Court simply points out that it is much more frequently the case that materials that were sealed in the district court are unsealed in the court of appeals than the other way around. See 7th Cir. I.O.P. 10 (stating that documents sealed in the district court will be maintained under seal in the Court of Appeals for 14 days, after which time the documents will become part of the public record absent an order of the Court of Appeals to the contrary).